<div style="color:red;text-align:center">CORRECTED</div>

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 24-514V

| | |
|---|---|
| KIMBERLEY CABBELL,<br><br>              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>              Respondent. | Chief Special Master Corcoran<br><br>Filed: February 11, 2025 |

*Jimmy A. Zgheib*, Zgheib Sayad, P.C., White Plains, NY, for Petitioner.

*Shelly Jock*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On April 4, 2024, Kimberley Cabbell filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") following a tetanus-diphtheria-acellular pertussis vaccine administered on May 30, 2023. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On February 5, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation for a SIRVA. On February 6, 2025, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $100,111.20 (comprised of $100,000.00 for pain and suffering, and $111.20 for past unreimbursable expenses), and $4,308.18 to satisfy a State of Virginia Medicaid lien. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.*

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award** the following compensation:

- **A lump sum of $100,111.20 (comprised of $100,000.00 for pain and suffering, and $111.20 for past unreimbursable expenses) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.**

- **A lump sum of $4,308.18, representing compensation for satisfaction of Commonwealth of Virginia Medicaid lien, in the form of a check payable jointly to petitioner and:**

    **Department of Medical Assistance.
    Commonwealth of VA COV – DMAS
    PO Box 780209
    Philadelphia, PA 19178-0209**

Petitioner agrees to endorse the check to the Department of Medical Assistance for satisfaction of the Medicaid lien.

Proffer at 3.

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |
|---|---|
| KIMBERLY CABBELL, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> SECRETARY OF HEALTH AND HUMAN ) <br> SERVICES, ) <br> ) <br> Respondent. ) <br> ) | No. 24-514V <br> Chief Special Master Corcoran <br> ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On April 4, 2024, Kimberly Cabbell ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), she suffered a Table shoulder injury related to vaccine administration ("SIRVA"), as the result of a tetanus, diphtheria and pertussis ("Tdap") vaccination received on May 30, 2023. Petition at 1. On February 2, 2025, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA injury, and on February 5, 2025, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 25; ECF No. 27.

**I.    Items of Compensation**

  A.    Pain and Suffering

Respondent proffers that petitioner should be awarded **$100,000.00** in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B.     Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of **$111.20**. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

C.     Medicaid Lien

Respondent proffers that petitioner should be awarded funds to satisfy the State of Virginia's Medicaid lien in the amount of **$ 4,308.18,** which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Virginia may have against any individual as a result of any Medicaid payments the State of Virginia has made to or on behalf of petitioner from the date of her eligibility for benefits through the date of judgment in this case as a result of her alleged vaccine-related injury suffered on or about May 30, 2023, under Title XIX of the Social Security Act.

The above amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

II.    **Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through lump sum payments as described below and requests that the Chief Special Master's decision and the Court's judgment award the following:[1]

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

2

A.    A lump sum payment of $**100,111.20** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.

B.    A lump sum payment of **$4,308.18**, representing compensation for satisfaction of Commonwealth of Virginia Medicaid lien, in the form of a check payable jointly to petitioner and:

> Department of Medical Assistance.
> Commonwealth of VA COV – DMAS
> PO Box 780209
> Philadelphia, PA 19178-0209

Petitioner agrees to endorse the check to the Department of Medical Assistance for satisfaction of the Medicaid lien.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

Respectfully submitted,

BRETT A. SHUMATE
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK.
Assistant Director
Torts Branch, Civil Division

/s/ Shelly Jock
SHELLY JOCK
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 305-3155
shellyjock@usdoj.gov

DATED:    February 6, 2025

3

4